IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE CIT GROUP/EQUIPMENT FINANCING, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil Action No. 09-431 ) MDL No. 2021 |
| BDO SEIDMAN, LLP., | ) MISC No. 09-162 ) |
| Defendant. | ) |

AMBROSE, Chief District Judge

**OPINION**
**AND**
**ORDER OF COURT**

Pending before the court is a Motion to Remand to the Superior Court of Arizona, Maricopa County ("Arizona State Court") filed by Plaintiff, The CIT Group/Equipment Financing, Inc. ("CIT"). (Docket No. 38 at 9-cv-431 and Docket No. 32 at 9-mc-162).[1] Defendant, BDO Seidman, LLP ("BDO") has filed a Response and Brief in Opposition thereto (Docket Nos. 44-46) and Plaintiff filed a Reply in Further Support of the Motion for Remand. (Docket No. 49). After careful consideration of the same, said motion (Docket No. 38) is granted.

**OPINION**

**I.   Background**

Seven months prior to the initiation of this lawsuit, on July 8, 2008, the United States Bankruptcy Court for the Western District of Pennsylvania confirmed the Second Amended Joint Chapter 11 Plan of Liquidation in the Le-Nature's case. (Docket No. 38-5).

---

[1]The Motion is dual filed at the civil action number (09-cv-431) and the miscellaneous number (09-mc-162). Docket numbers from this point forward will refer solely to the civil action number.

On February 23, 2009, CIT brought this action in the Superior Court of Maricopa County, Arizona asserting a claim for negligent misrepresentation against BDO in connection with its audit opinions of the financial statements of the now-bankrupt Le-Nature's, Inc. ("Le Nature's") for the years ending 2003 and 2004. (Docket No. 1-2, ¶1). BDO then removed the action to the United States District Court for Arizona. (Docket No. 1). The District Court for Arizona then transferred the matter to this court on April 14, 2009, pursuant to the transfer order from the United States Judicial Panel on Multidistrict Litigation ("JPML"). (Docket No. 26).

CIT has filed a Motion to Remand. (Docket No. 38). CIT makes three arguments in support of its Motion for Remand:

1) This court lacks "related to" subject matter jurisdiction (*see, In re Resorts Int'l, Inc.,* 372 F.3d 154 (3d Cir. 2004));

2) In the alternative, the mandatory abstention rule applies (28 U.S.C. §1334(c)(2) and *Stoe v. Flaherty,* 436 F.3d 209 (3d Cir. 2006)); and

3) In the alternative, equitable considerations favor remand (28 U.S.C. §§1452(b) and 1334(c)(1).

(Docket No. 38). The issues are now ripe for review.

## II.   Legal Argument

### A.   Legal Standard

"[T]he removal statute should be strictly construed, and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985); *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006). The removing defendant bears the burden of proving that removal was proper. *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991). "Congress is concerned that removal procedure be handled in a manner that promotes economy, convenience, and fairness." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1216 (3d Cir. 1991). With this standard in mind, I now turn to the issues at hand.

B.     **"Related To" Subject Matter Jurisdiction**

Typically, "Related to" jurisdiction turns on "whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy," or whether "the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pacor, Inc. v. Higgins*, 743 F.3d 984, 994 (3d Cir. 1984). "For 'related to' jurisdiction to exist at the post-confirmation stage, [however,] 'the claim must affect an integral aspect of the bankruptcy process-there must be a close nexus to the bankruptcy plan or proceeding.'" *Stoe v. Flaherty*, 436 F.3d 209, 216 n. 3 (3d Cir. 2006), *citing In re Resorts Int'l, Inc.*, 372 F.3d 154, 167 (3d Cir.2004). Thus, "the scope of bankruptcy court jurisdiction diminishes with plan confirmation." *Id.,* at 165. "[T]hough the scope of...jurisdiction diminishes with plan confirmation,...jurisdiction does not disappear entirely." *Id.* "Matters that affect the interpretation, implementation, consummation, execution or administration of the confirmed plan will typically have the requisite close nexus." *Id.,* at 167.

All parties to this lawsuit agree that since the inception of this lawsuit, the Le-Nature's bankruptcy has been in the post-confirmation stage. Therefore, I will apply the limited post-confirmation stage test for "related to" jurisdiction. *In re Resorts Int'l, Inc.*, *supra.*

The removing party, in this case BDO, bears the burden of proving that removal was proper based on "related to" jurisdiction. To that end, BDO argues throughout its brief that CIT originally sought coordination of this action with the MDL proceedings in arguments before the JPML. (Docket No. 46, pp. 12, 14, 16). It is black letter law, however, that CIT's prior conduct or arguments cannot confer federal subject matter jurisdiction over this case. *See, In re Resorts Int'l*, 372 F.3d at 161 ("Where a court lacks subject matter jurisdiction over a dispute, the parties cannot create it...."). Therefore, I find no merit to this repeated argument.

BDO also argues that there is a close nexus between this case and the Plan for three reasons:

1) Judge Schiavelli and Judge McVerry both found post-confirmation that the "related to" test was satisfied (Docket No. 46, pp. 13-17);

2) Le-Nature's is in a liquidation, not a reorganization (Docket No. 46, pp. 17-18); and

3) This action is part of the Le-Nature's MDL (Docket No. 46, pp. 18-19).

With regard to the first argument, I note that the case previously decided by Judge McVerry and Judge Schiavelli, *California Public Employees' Retirement Systems ("CalPERS") v. Wachovia,* Civil Action No. 8-1414, is not a "post-confirmation" case as suggested by BDO. Rather, it was filed in the Superior Court of the State of California on April 28, 2008. (Civil Action No. 8-1414, Docket No. 1 p. 11). The Plan confirmation occurred on July 8, 2008. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004), quoting *Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824) (It is black letter law that "'the jurisdiction of the court depends upon the state of things at the time of the action brought.'"). As a result, the determination of whether the *CalPERS* case was "related to" the Le-Nature's bankruptcy was made under the broader "related to" test set forth in *Pacor, supra* (*see,* Civil Action No. 8-1414, Docket No. 116, p. 5)*,* and not the more limited post-confirmation test that I must apply in this case as set forth in *In re Resorts Int'l, Inc.*, *supra*.[2]

Within its first argument, BDO also interjects the argument that there is a strong connection between this action and the bankruptcy action since any recovery that CIT obtains against BDO will reduce or limit CIT's recovery from the Liquidation Trust thereby affecting the administration of the Plan. (Docket No. 46, pp. 14-17). I am not persuaded by this argument. As in *In re Resorts*

---

[2]Additionally, I note that the case of *Parrett v. Bank One*, 323 F.Supp.2d 861 (S.D. Ohio) relied on by Judge Schiavelli is not a post-confirmation case as BDO states. The *Parrett* case was filed in 2003 as denoted by the civil action number. *Id.* The opinion states that the Plan was not confirmed on April 16, 2004. *Id.* at 883. Consequently, neither *CalPERS* nor *Parrett* are post-confirmation cases.

*Int'l,* any possible effect that the outcome of this case would have on distribution of the trust is speculative and too tenuous to confer post-confirmation "related to" jurisdiction.

> [T]he resolution of the claims here will have no substantial effect on the success of the Plan.
>
> Resolution of this matter will not require a court to interpret or construe the Plan or the incorporated Litigation Trust Agreement. Whether Price Waterhouse was negligent or breached its contract will not be determined by reference to those documents. There is no dispute over their intent. The Trustee's claims are "ordinary" professional negligence and breach of contract claims that arise under state common law. Though the Plan and Trust Agreement provide the context of the case, this bare factual nexus is insufficient to confer bankruptcy jurisdiction.
>
> The malpractice action could result in an increase in the Litigation Trust's finite assets. But the potential to increase assets of the Litigation Trust and its beneficiaries does not necessarily create a close nexus sufficient to confer "related to" bankruptcy court jurisdiction post-confirmation. The Trust beneficiaries here no longer have the same connection to the bankruptcy proceeding as when they were creditors of the estate. For reasons they believed financially prudent, they traded their creditor status as claimants to gain rights to the Litigation Trust's assets. Thus, their connection to the bankruptcy plan or proceeding is more attenuated. Furthermore, if the mere possibility of a gain or loss of trust assets sufficed to confer bankruptcy court jurisdiction, any lawsuit involving a continuing trust would fall under the "related to" grant. Such a result would widen the scope of bankruptcy court jurisdiction beyond what Congress intended for non-Article III bankruptcy courts. Accordingly, resolution of these malpractice claims will not affect the interpretation, implementation, consummation, execution, or administration of the Plan.

*In re Resorts Int'l.,* 372 F.3d at 170 -171.

Similarly, in this case I find the suit involves a single negligent misrepresentation claim between two non-debtors brought post-confirmation. The resolution of this matter, therefore, will not require a court to interpret or construe the Plan nor will it be determined by an interpretation of the Plan. The claim is to be determined solely by state law. Any recovery in this case is speculative and tenuous. Consequently, I find that BDO fails in its burden of showing, under its first argument, that there is a "close nexus to the bankruptcy plan" for "related to" jurisdiction to exist.

Under its second argument, BDO asserts that because the *In re Resorts, Int'l* case involved

a reorganization Plan and this case involved a liquidation Plan, *In re Resorts, Int'l* is distinguishable. I am not persuaded by this argument either. Even though this involves a liquidation Plan, it does not change the fact that this is a post-confirmation suit which involves a single negligent misrepresentation claim between two non-debtors that does not require a court to interpret or construe the Plan, that the claim is to be determined solely by state law, and that any recovery in this case is speculative and tenuous. This is not a case that involves the Trustee. Thus, I find that *In re Resorts, Int'l* governs this matter. Consequently, I find that BDO fails in its burden of showing, under its second argument, that there is a "close nexus to the bankruptcy plan" for "related to" jurisdiction to exist.

Finally, under its third argument, BDO asserts that the MDL order provides "related to" jurisdiction. (Docket No. 46, pp. 18-19).[3] Specifically, BDO argues that the "'efficiency gains' from retaining jurisdiction are particularly compelling given the 'multitude' of Le-Nature's related actions before this Court." *Id.* at 18.[4] While at first blush this argument sounds compelling, I find the MDL argument to have no bearing on the issue of jurisdiction. MDL orders cannot create jurisdiction. Jurisdiction is a completely separate issue. In fact, the Judicial Panel on Multidistrict Litigation does not consider jurisdiction in making its ruling. Rather, "[t]he Panel's belief is that the transferee judge is in the best position to determine jurisdictional issues." *Ten Steps to Better Case Management, A Guide for Multidistrict Litigation Transferee Judges,* The Judicial Panel on Multidistrict Litigation & The Federal Judicial Center, p. 5 (2009). Furthermore, "[t]he Panel's

---

[3] In support of its position, BDO cites to *Parrett, supra,* stating that *Parrett* is a post-confirmation case that held that their conclusion to deny remand was "strengthened" by the connection with the other cases in the MDL. *Id.* First, *Parrett, supra,* is a pre-confirmation case. *Id.* at 883. Additionally, neither the court's decision in *Parrett* nor the court's decision in *In re Refco, Inc. Secs Litig.,* 2008 WL 1827644 (S.D. N.Y. April 21, 2008), was based on the existence of an MDL.

[4] I note that this MDL does not involve a "multitude" of cases, but has only 5 cases pending.

6

decision to transfer a case in no way suggests an opinion about any such motion [to remand]." *Id.* Thus, while the MDL order creates judicial efficiencies, those efficiencies are only afforded to cases with proper jurisdiction. Consequently, I find that BDO fails in its burden of showing, under its third argument, that there is a "close nexus to the bankruptcy plan" for "related to" jurisdiction to exist.

Accordingly, I find that this case lacks the requisites for "related to" jurisdiction to exist. Thus, remand is warranted.[5]

---

[5] Since I am remanding based on lack of jurisdiction, I need not considered CIT's arguments regarding the mandatory abstention rule and equitable considerations. (Docket No. 39, pp. 19-25).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE CIT GROUP/EQUIPMENT FINANCING, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BDO SEIDMAN, LLP., )<br>)<br>Defendant. ) | Civil Action No. 09-431<br>MDL No. 2021<br>MISC No. 09-162 |

AMBROSE, Chief District Judge

## ORDER OF COURT

AND now, this 21st day of July, 2009, upon consideration of Plaintiff's Motion for Remand (Docket No. 38 at 9-cv-431 and Docket No. 32 at 9-mc-162), it is ordered that said Motion is granted for lack of "related to" jurisdiction. This action shall be remanded to the Superior Court of Arizona, Maricopa County, Arizona. The case shall be marked "CLOSED."

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge