IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In Re:  Le-Nature's Inc.                    MDL Docket no. 2021
                                            WDPA Docket no. 2:09-mc-00162

Marc S. Kirschner, solely in his capacity as    )
the Liquidation Trustee of the Le-Nature's      )
Liquidation Trust,                              )   Civil Action No. 08-1518
                                                )
                    Plaintiff,                  )
        vs.                                     )
                                                )
Wachovia Captial Markets, LLC, et al.,          )
                                                )
                    Defendants.                 )

AMBROSE, District Judge

**MEMORANDUM AND ORDER**

Currently before me are three motions for reconsideration (docket entry nos. 127, 129, and 130 at docket no. 8-cv-1518 and docket entry nos. 132, 134, and 135 at docket no. 9-mc-00162) relating to the portions of my September 16, 2009 orders denying the Defendants' respective motions to dismiss based on an *in pari delicto* argument.  Although Defendants, Wachovia Capital Markets, LLC d/b/a Wachovia Securities and Wachovia Bank, National Association ("Wachovia") failed to brief the *in pari delicto* argument in their original motion to dismiss, they incorporated by reference arguments made by Defendants, Krones AG, Krones Inc., Heinz Sommer, and Dr. Volker Kronseder ("Krones") and CIT Group/Equipment Financing, Inc., ("CIT") in their briefs in support of their respective motions to dismiss.  Now, Krones incorporates by reference Wachovia's arguments in support of its motion for reargument, and CIT filed a joinder while raising additional arguments. For the reasons set forth more fully herein, all three motions for reconsideration shall be denied.

1

**Standard of Review**

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Generally, a motion for reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. *See, Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A court may not grant a motion for reconsideration when the motion simply restyles or rehashes issues previously presented. *Pahler v. City of Wilkes-Barre*, 207 F. Supp. 2d 341, 355 (M.D. Pa. 2001). A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through – rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. *Rossi v. Schlarbaum*, 600 F. Supp. 2d 650, 670 (E.D. Pa. 2009).

**Discussion**

I begin by noting that Wachovia's brief in support of its motion for reconsideration essentially reargues and rehashes Krones' and CIT's prior arguments as to why the doctrine of *in pari delicto* should bar this lawsuit. I may not grant a motion for reconsideration when the motion merely regurgitates prior argument.

Applying *Max's Seafood* to the instant matter, the law has not undergone an intervening change and no new evidence has surfaced with respect to the matter now before me. Accordingly,

the only way reconsideration could be granted in this case would be if it were necessary to correct a clear error of law or prevent manifest injustice. Having revisited my prior opinions and orders in the Wachovia, Krones and CIT matters, and finding no clear error of law and no presence of manifest injustice, I must deny these motions to reconsider. My analysis of the law governing the doctrine of *in pari delicto*, as thoroughly explained in my original opinion, led me to deny Krones' and CIT's request for dismissal of this lawsuit based on *in pari delicto*. Nothing presented by Wachovia in its reconsideration brief convinces me how my prior order constitutes clear error of law and/or creates a manifest injustice.

In addition to joining Wachovia in its motion, CIT's motion also suggests that my prior order failed to address "three distinct legal issues:" (1) whether Le-Nature's management's acts were imputable to Le-Nature's, (2) whether the appointment of a custodian precludes imputation, and (3) whether the bankruptcy trustee stands in the shoes of Le-Nature's. I disagree, finding that my prior opinion, which thoroughly analyzed the law governing *in pari delicto*, provided very clear answers to these questions. Nevertheless, to clarify my position, I shall respond to CIT's questions. However, before addressing these issues, I note that based on the way these issues have been reframed and oversimplified, CIT seeks broad, general rulings, which I declined to provide in my September 16, 2009 opinions and orders, and again decline to provide here.

With respect to its first question, CIT would have me generally state whether an agent's fraud is imputed to its principal, while ignoring all of the other key facts presented. For example*,* the actions taken by the minority ("innocent") shareholders, the Chancery court's initial order, the evisceration of the majority shareholders' powers by the court in its second order, the appointment of a custodian by the court, and CIT's status as an alleged non-innocent third party who seeks to avail itself of the *in pari delicto* defense, are all factors I must consider. This last fact, CIT's status

as a non-innocent third party coupled with its desire to invoke the *in pari delicto* defense, is a question that has been certified by the Third Circuit, and one which the Pennsylvania Supreme Court accepted in *Official Committee of Unsecured Creditors of Allegheny Health, Educ. and Research Foundation v. Pricewaterhouse Coopers, LLP*, ("*AHERF II*"), No. 07-1397, 2008 WL 3895559, *3 (3d Cir. July 1, 2008), order granting petition for certification of question of law, August 26, 2008, at Pa. Supreme Court docket no. 38 WAP 2008.  For me to "predict" the outcome is both improper and unnecessary given the other key facts referenced above and at greater length in all of my September 16, 2009 opinions.  In this case, whether the agent's fraud is imputable to its principal (for the purpose of ascertaining whether a non-innocent third party can invoke *in pari delicto* as a defense) is of no moment because of these other key facts which I consider to be intervening, interim events.  The nature and cause of these events led me to conclude that there was nothing to impute from Le-Nature's to the trustee at the time the bankruptcy was filed.

      Second, CIT wonders whether the appointment of a custodian precludes imputation. Again, CIT oversimplifies the issue so as to obtain some global proclamation from this court.  The timeline of events is not the only consideration.  As set forth in greater detail in my September 16, 2009 opinions, the timeline, when coupled with the nature and cause of the events that occurred, (*i.e.* the actions taken by the minority shareholders, their reasons for taking those actions, the Chancery court's involvement and stripping of the majority shareholders of all power, the basis for that court's decision to do so, KCZ's appointment and its complete and total authority to run Le-Nature's prior to the bankruptcy filing, etc.), led me to conclude – as I shall reiterate here – there was nothing to impute to the bankruptcy trustee at the time the bankruptcy was filed.

      Finally, CIT answers its own third inquiry: *Official Committee of Unsecured Creditors v. R.F. Lafferty & Co., Inc.*, 267 F.3d 340 (3d Cir. 2001), ("*Lafferty*"), the seminal *in pari delicto* case

in this Circuit, and the legislative history to section 541 of the bankruptcy code, explain that a bankruptcy trustee stands in the shoes of debtor. Again, given the facts present in this case, at the time the bankruptcy was filed there was nothing to impute from the debtor to the trustee.

In summary, I have concluded that at the time the bankruptcy was filed there was nothing to impute from the debtor to the trustee based on the pertinent facts presented here: A minority group of shareholders convinced a duly authorized court of law to replace a corrupt group of majority shareholders with a "clean" outside custodian for the express purpose of salvaging the company. The court, upon request by the minority shareholders and after reviewing evidence, appointed a custodian, endowed it with complete authority to operate the company, rendering the corrupt majority shareholders impotent to run the business. All of this occurred prior to creditors involuntarily forcing the company into bankruptcy.

Lastly, returning to Wachovia's brief, it requested clarification as to whether my rulings on the *in pari delicto* arguments found in my various September 16, 2009 opinions preclude them (and presumably the other defendants) from raising *in pari delicto* as a defense at a later point in time in this case. Given the basis for my September 16, 2009 opinions relating to *in pari delicto*, and my opinion reiterating the same here, I simply cannot envision what facts or evidence could possibly surface during discovery to alter my ruling. However, should the parties discover something that in some way affects or alters the key facts I have outlined above as the basis for this and my prior opinions, the parties are encouraged to bring it to my attention.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:  Le-Nature's Inc. | MDL Docket no. 2021<br>WDPA Docket no. 2:09-mc-00162 |
| Marc S. Kirschner, solely in his capacity as the Liquidation Trustee of the Le-Nature's Liquidation Trust,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br><br>Wachovia Captial Markets, LLC, et al.,<br><br>　　　　　　　　Defendants. | )<br>)<br>)  Civil Action No. 08-1518<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

AMBROSE, District Judge

## **ORDER**

AND now, this 23rd day of October, 2009, upon consideration of the Motions to Reconsider the Motions to Dismiss filed by Defendants, Wachovia Capital Markets, LLC d/b/a Wachovia Securities and Wachovia Bank, National Association, (docket entry no. 127 at docket no. 8-cv-1518 and docket entry no. 132 at docket no. 9-mc-00162), Krones AG, Krones Inc., Heinz Sommer, and Dr. Volker Kronseder, (docket entry no. 129 at docket no. 8-cv-1518 and docket entry no. 134 at docket no. 9-mc-00162), and CIT Group/Equipment Financing, Inc.,  (docket entry no. 130 at docket no. 8-cv-1518 and docket entry no. 135 at docket no. 9-mc-00162), it is ordered that said Motions are denied.

　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　s/ Donetta W. Ambrose
　　　　　　　　　　　　　　　　　Donetta W. Ambrose,
　　　　　　　　　　　　　　　　　District Judge