IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Le-Nature's, Inc. Commercial Litigation ) | WDPA No. 9-162 |
| ) | MDL No. 2021 |
| FARM CREDIT LEASING SERVICES CORP. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-1445 |
| ) | |
| CIT GROUP/EQUIPMENT FINANCING, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

Presently, the Krones Defendants have moved to dismiss the Marshall Defendants' cross-claims against them,[1] on grounds that RICO does not permit claims for indemnity or contribution. The Marshall Defendants oppose the Motion, contending that it is not clear that such claims are disallowed under RICO.

To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). In deciding a motion to dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F. 2d 66, 666 (3d Cir. 1988). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to

---

[1] "Krones Defendants" refers to Krones, Inc. and Heinz Sommer; "Marshall Defendants" refers to the Marshall Group, Marshall Investments Corp., and Marshall Financial.

1

determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Id.

Our Court of Appeals has noted, with approval, a district court's decision that "there is no right to indemnification or contribution under RICO." County of Hudson v. Janiszewski, 351 Fed. Appx. 662, 666, 667 (3d Cir. 2009). Several courts, in various jurisdictions, have reached similar conclusions. See, e.g.,Riverhead Sav. Bank v. National Mortg. Equity Corp., 893 F.2d 1109, 1117 n. 2 (9th Cir. 1990) (citing cases). Indeed, it has been noted within this Circuit that "[t]he courts are uniform in holding that there is no right to contribution or indemnity for violations of the RICO statute." Frankford Trust Co. v. Advest, Inc., No. 93-329, 1996 U.S. Dist. LEXIS 20056, at *10 (E.D. Pa. Aug. 5, 1996).

In opposition, Defendants contend that the Supreme Court has never addressed this issue; that the Second Circuit has impliedly approved such claims; Janiszewski is unpublished and not binding; and that other statutes without express contribution or indemnity provisions have been read to allow such claims. I have reviewed these contentions, and particularly in light of the guidance proffered by our Court of Appeals, find them unpersuasive. Defendants also argue that the case cited to by our Court of Appeals is ambiguous, and allows RICO indemnity "in certain situations." I disagree. In the case referred to, Friedman v. Hartmann, 787 F. Supp. 411, 418 (S.D.N.Y. 1992), the court "conclude[d] that, for the same reasons that there is no right to contribution under RICO, there is also no right to indemnity under RICO." It went on to state that "even if indemnity were available under RICO in certain situations," it would have been unavailable on the facts before the court. Id. Accordingly, it did not opine that RICO allowed indemnity in certain situations.

In sum, I find that the Marshall Defendants have failed to state a claim for contribution and indemnity against the Krones Defendants.

AND NOW, this 21st day of November, 2011, it is hereby ORDERED, ADJUDGED, and DECREED that the Krones Defendants' Motion to Dismiss (Docket 437) is GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose
   Senior U.S. District Judge