IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARSHALL INVESTMENTS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 13-CV-118 MDL No. 2021 |
| KRONES, INC., and KRONES A.G., | ) ) | In Re: Le-Nature's Inc. No. 9-MC-162 |
| Defendants. | ) | |

AMBROSE, Senior District Judge

**OPINION**
**and**
**ORDER OF COURT**

The Defendants, Krones, Inc., and Krones A.G., filed a Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support based on the American Rule.  (ECF Nos. 573-574).[1] Plaintiff has filed an Opposition thereto (ECF No. 577) and Defendants have filed a Reply Brief (ECF No. 580).  After careful consideration of the submissions of the parties and based on my reasoning set forth below, I find that Defendants' Motion to Dismiss (ECF No. 573) is granted.

I. **STANDARD OF REVIEW**

Defendants filed their Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure – Failure to state a claim upon which relief can be granted.  When deciding whether to grant or deny a 12(b)(6) motion the Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief **requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.** Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

---

[1] Please note that the Motion was filed at both the miscellaneous case number and the civil action number.  When I refer to an ECF number, I am referring to the docket entry at the miscellaneous case number only and not the corresponding civil action number.

*Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 555 (2007) (cites and footnote omitted)(emphasis added); *see also*, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level).

In *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court held, ". . . a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citations omitted).

In *Iqbal,* the Court specifically highlighted the two principles which formed the basis of the *Twombly* decision: First, for the purposes of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations. *Id.* at 1949-1950. *See also, Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009). Second, a complaint will only survive a motion to dismiss if it states a plausible claim for relief, which requires a court to engage in a context-specific task, drawing on the court's judicial experience and common sense. *Id.* at 1950. Where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – the complainant is entitled to relief. *Id., citing,* F.R.Civ.P. 8(a)(2).

**II.    CHOICE OF LAW**

The underlying lawsuit was originally filed in Wisconsin.  Plaintiff is located in Minnesota and does not concede that Wisconsin law applies, but for purposes of this motion Plaintiff asserts that the choice of law does not matter because both Wisconsin and Minnesota recognize the third party litigation rule.  (ECF No. 577, p. 7., n. 2).  As a result, Plaintiff cites to mostly Wisconsin law.  (ECF No. 577).  I agree with Plaintiff that for the issues herein, the choice of law does not matter.

**III.     LEGAL DISCUSSION[2]**

Plaintiff has brought this litigation to recovery its attorneys' fees in defending other lawsuits brought against it. (ECF No. 574). Defendants argue that Plaintiff's Complaint should be dismissed based on the "American Rule." *Id.* The "American Rule" provides that attorneys' fees generally are not recoverable unless a statute or an agreement between the parties provides otherwise. *Osborne v. Chapman,* 574 N.W.2d 64 (Minn. 1998); *Meas v. Young,* 417 N.W.2d 55 (Wis. App. 1987). Plaintiff, however, suggests that it falls within the limited exception set forth in the Restatement (Second) of Torts §914(2).

---

[2]Generally, in considering a motion to dismiss based on Rule 12(b)(6), a district court may not consider matters outside the pleadings. Fed. R. Civ. P. 12(b)(6). Pleadings are defined by the Federal Rules to include a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, and a third-party answer. Fed. R. Civ. P. 7(a). Thus, when ruling upon a 12(b)(6) motion, a district court is limited to considering the facts as they are alleged in the complaint, anything properly attached thereto and matters of public record. Fed R. Civ. P. 12(b)(6), 10(c). For purposes of a 12(b)(6) motion, the Third Circuit has defined public records to include criminal case dispositions such as convictions or mistrials, letter decisions of governmental agencies and published reports of administrative bodies. *Pension Benefit Guar. Corp., v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993).

"[W]hen [a] plaintiff fails to introduce a pertinent document as part of his pleading, [a] defendant may introduce the exhibit as part of his motion attacking the pleading." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327, at 762-63 (2d ed. 1990).

> A court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. Otherwise a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied.

*Pension Benefit Guar. Corp., v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The rationale behind this rule is that the document is not "outside" the complaint because the complaint specifically refers to the document. Presumably, therefore, the plaintiff is on notice of the contents of the document. *Id.* at 1196-97.

Here, while the prior complaints are not attached to the instant Complaint, the instant Complaint refers specifically to the prior lawsuits. (Civil Action No. 13-118, ECF No. 1, ¶¶38-45). Additionally, Plaintiff relies on the prior complaints in its brief in opposition to the motion to dismiss. (ECF No. 577, p. 13-14). The prior lawsuits and their full dockets are a matter of public record. Since Plaintiff references the prior complaints in its Complaint and they are a part of the public record, this Court may properly take notice of the allegations contained in prior complaints (not for the truth of the matter, but just for what allegations were made). Thus, I will consider the same when ruling upon Defendants' Motion to Dismiss.

§ 914. Expense Of Litigation

* * *

(2) One who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action.

Restatement (Second) of Torts §914(2).  The Comment to subsection (2) further provides:

The rule stated in this Subsection applies when the preceding action was brought against the present plaintiff either by a third person or by the state, and also when the present plaintiff has been led by the defendant's tort to take legal proceedings against a third person. When a cause of action or an alleged cause of action against the defendant in a proceeding **exists only because of a tort of another**, the defendant can notify the other to defend the proceeding and if the other fails to defend the defendant can either defend, subsequently recovering all the reasonable expenses of the defense, or refuse to defend, in which case he can recover from the tortfeasor the amount of any judgment obtained against him.

Restatement (Second) of Torts §914(2), *Comment,* b (emphasis added).

While Plaintiff's Complaint seeks the recovery of fees for defending other proceedings, Plaintiff asserts that it does not need to establish that the legal proceedings exist "only" or "solely" because of the tort of Defendants.  I disagree.  The Supreme Court of Minnesota has defined the exception narrowly:

If a party is obliged to defend against the act of another, against whom he has a remedy over and **defends solely and exclusively the act of such other party, and is compelled to defend no misfeasance of his own**, he may notify such party of the pendency of the suit and may call upon him to defend it; if he fails to defend, then, if liable over, he is liable not only for the amount of damages recovered, but for all reasonable and necessary expenses incurred in such defense.

*O'Connell v. Jackson,* 140 N.W.2d 65, 68 (Minn. 1966)(emphasis added) *quoting, Fidelity & Cas. Co. v. N.W. Tel Exch. Co.,* 167 N.W. 800 (Minn. 1918) *citing* Restatement (First) of Torts.  In other words, only when the defendant's tortious conduct solely causes an innocent plaintiff to become involved in litigation with a third party are the attorneys' fees associated with that litigation recoverable from the defendant.  *Id.; see also, Estate of Kriefall v. Sizzler USA*

*Franchise, Inc.,* 816 N.W.2d 853 (Wis. 2012). Conversely, attorneys' fees are not recoverable by a party that is required to defend itself for claims arising from its own acts or omissions. *Id.*

Thus, the threshold issue becomes whether Plaintiff was required to defend itself in four actions brought against it solely caused by Defendants' tortious acts. To determine this issue, we must look to the allegations within the four other complaints filed by Compass, MB, the Trustee and Farm Credit. The Complaints filed by both Compass and MB provide that Plaintiff was sued because of its own misrepresentation (and later in amended complaints added Plaintiff's failure to disclose the tip of Ofria and the results of its investigations). *See,* Civil Action No. 9-430, ECF Nos. 1-8, 41, and 145 (Compass complaints), and Civil Action No. 9-469, ECF No. 1 (MB complaints). Additionally, Plaintiff acknowledges that the initial complaints by Compass and MB were filed prior to discovering the Ofria communication. (ECF No. 577, p. 13). Therefore, those complaints could not be based on Defendants' alleged wrongful conduct.

A review of the complaints by the Trustee and Farm Credit additionally provide that Plaintiff was sued for, *inter alia,* failure to disclose the tip and the results of its investigations. *See,* Civil Action No. 10-1445, ECF No. 1 (Farm Credit complaint) and Civil Action No. 8-1518, ECF No. 1 (Trustee complaint). In opposition, Plaintiff argues that it did not owe a duty to disclose anything to the Trustee or to Farm Credit and that it was defending against a claim of aiding and abetting fraud.[3] (ECF No. 577, p. 13). Plaintiff's arguments miss the point. It is of no moment whether it actually had a duty to disclose. It is irrelevant to the determination that Plaintiff believes that Defendants' fraud led it to discredit the tip. (ECF No. 577, pp. 8, 13-14). Rather, the issue is what the allegations of the prior complaints were, not what its defense is. The basis for the complaints against Plaintiff was its own failure to disclose information based on Plaintiff's alleged duties, not Defendants', and its own participation in said scheme.

---

[3] It is interesting to note that the Trustee's Complaint alleges aiding and abetting fraud of Podlucky and the Insiders, not of Defendants. (Civil Action No. 8-1815, ECF No. 1-1, Count 9, pp. 47-50).

There is no doubt that §914(2) of the Restatement (Second) of Torts should be applied narrowly, otherwise, the exception would swallow the rule. *See, Meas v.* Young, 417 N.W.2d 55 (Wis. App. 1987) (holding that §914(2) should be strictly limited to "exceptional circumstances"). Based on the review above, I find this is not an exceptional case that falls within the purpose of §914(2). *See,* Restatement (Second) of Torts §914(2), *Comment,* b and Illustrations. Therefore, I find that Plaintiff may not recover attorneys' fees from Defendants because the exception to the American Rule, as set forth in the Restatement (Second) of Torts, §914(2), does not apply here.

In one last argument, Plaintiff asserts, in opposition, that causation is a question of fact for the jury and, thus, it is premature to dismiss the case at this stage. I disagree with Plaintiff. As set forth above, the facts of the underlying complaints are undisputed and are reasonably susceptible of but one inference. Therefore, I find that Defendants' Motion to Dismiss based on the American Rule is well received and dismissal is warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARSHALL INVESTMENTS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 13-CV-118 MDL No. 2021 |
| KRONES, INC., and KRONES A.G., | ) ) | In Re: Le-Nature's Inc. No. 9-MC-162 |
| Defendants. | ) | |

AMBROSE, Senior District Judge

## ORDER

AND now, this 10th day of May, 2013, after careful consideration of Defendants' Motion to Dismiss (at Civil Action No. 13-118, ECF No. [11] and Miscellaneous No. 9-162, ECF No. [573]) and all related document, it is ordered that said Motion is granted.

It is further ordered that the pending Motion for Summary Judgment (at Civil Action No. 13-118, ECF No. [17] and Miscellaneous No. 9-162, ECF No. [590]) shall be denied as moot.

It is additionally ordered that Civil Action No. 13-118 shall be closed forthwith.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

7